## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

JOHNNIE CASEY

      Plaintiff,

v.                          Case No. 5:24-cv-111-TKW/MJF

FLORIDA DEPARTMENT OF
REVENUE CHILD SUPPORT
PROGRAM and GRANT A. SPITZER,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with two court orders, failed to pay the filing fee, and failed to prosecute this action, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On June 5, 2024, Plaintiff commenced this civil rights action by filing a complaint and a motion for leave to proceed *in forma pauperis*. Docs. 1, 2. Because Plaintiff's failed to provide sufficient information in for the undersigned to determine the merit of Plaintiff's motion for leave to proceed *in forma pauperis*, on June 26, 2024, the undersigned denied the motion without prejudice and ordered Plaintiff to pay the filing fee or

properly move for leave to proceed *in forma pauperis*. Doc. 4. The undersigned imposed a compliance deadline of July 17, 2024 and warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. Plaintiff did not comply with that order.

On July 30, 2024, the undersigned ordered Plaintiff to explain and show cause for his failure to comply with the undersigned's order of June 26, 2024. Doc. 5. The undersigned imposed a compliance deadline of August 14, 2024 and again warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. Plaintiff has not complied with that order.

## II.  DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). Furthermore, a district court may dismiss a

civil action when a plaintiff fails to pay the filing fee. *Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002). Plaintiff has failed to comply with two court orders and has failed to pay the filing fee. Plaintiff has offered no excuse for his failures and, consequently, has not shown good cause. Accordingly, dismissal of this civil action is appropriate.

## III. CONCLUSION

Because Plaintiff failed to comply with court orders, failed to pay the filing fee, and failed to prosecute this action, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **DISMISS** this action without prejudice.

2.    **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this <u>28th</u> day of August, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may</u>**

**appear on the electronic docket is for the court's
internal use only and does not control. An objecting
party must serve a copy of the objections on all other
parties. A party who fails to object to the magistrate
judge's findings or recommendations contained in a
report and recommendation waives the right to
challenge on appeal the district court's order based on
unobjected-to factual and legal conclusions. *See* 11th
Cir. R. 3-1; 28 U.S.C. § 636.**